**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

IN RE:
MARIA CLAUDIA PENAS                                    CASE NO. 15-12567-LMI
      Debtor(s)                                              CHAPTER 7
_____/

**OBJECTION TO TRUSTEE'S APPLICATION FOR COMPENSATION AND APPLICATION**
**FOR COMPENSATION OF PROFESSIONALS**

THIS CAUSE coming before the Court on Creditor, Maria Teresa Davila's Objection to Trustee's

Application for Compensation and Application for Compensation of professionals and in support thereof

states as follows:

1.  The instant case was filed on February 11, 2015.

2.  Creditor filed its proof of claim May 21, 2015 and an agreed Order [DE#83] was entered on

    December 22, 2015, allowing creditors claim in full as an unsecured claim.

3.  A Final Application for Compensation for Hylton Wynick, Accounting was filed on August 22,

    2016 totaling $4,394.02 [DE#115].

4.  A First and Final Application for Compensation for Ido J Alexander, Esq., was filed on August

    31, 2016, totaling $11,103.50 [DE#116].

5.  Trustee filed her report of sale of the Debtor's assets totaling $45,000.00.

6.  Trustee also filed her Application for Compensation on September 14, 2016, totaling $5,250.00.

7.  On October 20, 2016, Trustee files her final report and Application for Compensation and

    Application for Compensation of Professionals [DE#122] and files the Notice of Trustee's Final

    Report and Applications for Compensation [DE#123] on October 21, 2016.

8.  11 U.S.C. §326, §327 and §330 govern the Trustee and professional's compensation within a

    Chapter 7 Case.

9.  §326 delineates the formula in which Chapter 7 Trustee's determine their compensation.

    According to §326, the "commission" is the amount a court *may* allow as reasonable

    compensation but the Courts have held that by labeling the fee a "commission" it does not

eliminate the requirement that the Court review it for reasonableness under §330. *In re Mack Properties, 381 B.R. 793 (Bankr. M.D. Fla. 2007).*

10. §330(a)(1) parallels §326 by incorporating a reasonableness standard: A Court *may* award to a trustee… reasonable compensation… The usage of the word "may" authorizes discretion in the compensation determination. 11 U.S.C. §330(a)(1).

11. §330(a)(2) specifically allows a court to award less compensation than the amount being sought by any applicant

12. In the instant case the amount of compensation the trustee is requesting is the maximum "commission" based on the $45,000 recovery.  Employing a strict maximum commission award is not only at odds with the plain language of §326 and §330, but may result in unjust and inequitable results.  Awarding the statutory maximum in every case could overcompensate Chapter 7 trustees in cases where monetary distribution is high in relation to the services performed. *In re McKinney, 374 B.R. 726 (Bankr. N.D. Cal 2007).*

13. Creditor, Maria Teresa Davila, feels that the amounts of compensation being requested by the Trustee and the professionals hired is unjust as their compensations combined is equal to almost 50% of the total recovery and therefore seeks review of its reasonableness by this Court.

WHEREFORE creditor, Maria Teresa Davila respectfully requests that this Honorable Court review the Trustee's Application for Compensation and the Applications for Compensation of the professionals hired for reasonableness and for any other relief this Court deems proper.

Respectfully Submitted,

/s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Attorney for Creditor Maria Teresa Davila
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: 305-865-6766
Facsimile: 305-865-7167
Email: jsheskin.jhzidellpa@gmail.com